

Filed
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

## PORT AUTHORITY OF GUAM,
Petitioner-Appellee,

**v.**

## CIVIL SERVICE COMMISSION,
Respondent-Appellee,

and

## EDDIE N. CASTRO,
Real Party in Interest-Appellant.


Supreme Court Case No.: CVA19-020
Superior Court Case No.: SP0072-16


## OPINION


## Cite as: 2021 Guam 4


Appeal from the Superior Court of Guam
Argued and submitted on March 11, 2020
Hagåtña, Guam



E-Received
6/24/2021 11:37:14 AM

Appearing for Real Party in Interest-Appellant:
William Benjamin Pole, *Esq.*
Law Offices of Gumataotao & Pole, P.C.
San Ramon Bldg.
115 San Ramon St., Ste. 301
Hagåtña, GU 96910

Appearing for Petitioner-Appellee:
Joseph B. McDonald, *Esq.*
Port Authority of Guam
1026 Cabras Hwy., Ste. 201
Piti, GU 96915

Appearing for Respondent-Appellee:
Eric D. Miller, *Esq.*
Civil Service Commission
Bell Tower
710 W. Marine Corps Dr., Ste. 201
Hagåtña, GU 96910

BEFORE: F. PHILIP CARBULLIDO, Chief Justice; ROBERT J. TORRES, Associate Justice; KATHERINE A. MARAMAN, Associate Justice.

**MARAMAN, J.:**

[1]      Real Party in Interest-Appellant Eddie N. Castro appeals the trial court's decision and order denying Castro's motion for relief and upholding the Civil Service Commission's ("CSC") decision to sustain Castro's termination. The CSC, in that decision, had reversed its earlier decision to modify Castro's termination to a demotion, after a remand from the trial court. We vacate both trial court issuances and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

[2]      The Port Authority of Guam ("Port") terminated Castro because of two alleged improprieties. The Port served him a notice of final adverse action per 4 GCA § 4406(a). Castro appealed his termination to the CSC. The CSC decided the Port proved its allegations against Castro and voted to modify Castro's penalty from termination into demotion to a "Guard" position. CSC Dec. & J. (Mar. 29, 2016).[1]

[3]      The Port sought a petition for judicial review in Superior Court Case No. SP0072-16. The trial court's Findings of Fact and Conclusions of Law ("FFCL") found the CSC's decision to modify was not supported by substantial evidence since the "Guard" position did not exist, and the

---

[1] This Decision and Judgment was not included in the record of Superior Court Case No. SP0072-16. However, the Decision and Judgment was included in the record of the related case, SP0068-16, which arises out of the same adverse employment action ordered under the Decision and Judgment. Both cases were before Judge Maria T. Cenzon, who concluded that the Port's Petition for Judicial Review in SP0072-16 raised issues dispositive of any and all issues which might be raised on appeal with the Superior Court and may render moot the petition filed by Castro in SP0068-16. In re Adverse Action Appeal No. 13-AA13T, SP0068-16 (Order After Hr'g Re: Schedule Br. & Oral Arg. (Oct. 31, 2016)). Judge Cenzon ordered a stay of the proceedings in SP0068-16 until the resolution of SP0072-16. The trial court considered this Decision and Judgment when rendering its Findings of Fact and Conclusions of Law in SP0072-16, even though the Decision and Judgment was not part of the official record. We remind counsel that only those documents that are part of the trial court's record may be considered on appeal, barring exceptional circumstances. *See Kittel v. Guam Mem'l Hosp. Auth*., 2020 Guam 3 ¶ 25. This court has found that it is improper for counsel to include material documents in its excerpts of record that were not part of the record. *Id.* ¶¶ 23-24.

CSC's expressed decision to place Castro in the "most severe" demotion properly should have been instead to the "security guard (armed)" position. Record on Appeal ("RA"), tab 51 at 7 (Finds. Fact & Concl. L., Apr. 13, 2018). The court remanded for the CSC to determine whether it would uphold its modification.

[4]     The CSC held the hearing upon remand. During the hearing,[2] the commissioners departed from its earlier decision to modify and instead voted unanimously to sustain Castro's termination. The CSC's decision and judgment affirmed that termination.

[5]     Castro moved for the trial court to review the CSC's decision to sustain his termination.[3] The court denied the motion, finding among other reasons that the CSC's decision to sustain the termination aligned with the court's initial finding that the "Guard" position did not exist. Castro appealed.[4]

## II. JURISDICTION

[6]     This court has jurisdiction over an appeal from a final judgment of the Superior Court of Guam. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 117-17 (2021)); 7 GCA §§ 3107, 3108(a) (2005).

---

[2] The Port's management did not attend the hearing, although the Port's attorney was present, and Castro did not object to management's absence.

[3] After the CSC voted unanimously but before its judgment, Castro filed a motion with the trial court seeking review of the vote. The Port opposed with a motion to strike. The trial court denied Castro's motion on jurisdictional grounds, as the CSC had not yet issued a final judgment concerning the vote to terminate Castro.

[4] We recognize the several special proceedings related to Castro's appeal: (1) the Port's Petition for Writ of Prohibition in Superior Court Case No. SP0172-13, which was denied; (2) Castro's Petition for Review in Superior Court Case No. SP0068-16, which sought review of the March 29, 2016 Decision and Judgment by the CSC, but which the trial court stayed after finding it essentially was a cross-petition of Superior Court Case No. SP0072-16; (3) the Port's Petition for Judicial Review in Superior Court Case No. SP0072-16, which was granted, and under which the CSC's post-remand termination vote and Judge Cenzon's upholding of that vote Castro now appeals here; and (4) Castro's Petition for Review in Superior Court Case No. SP0135-19, which the trial court under Judge Arthur R. Barcinas dismissed after finding the petition sought review of the CSC's judgment which the trial court already upheld on judicial review in Case No. SP0072-16.

**[7]**	A judgment must be "set forth on a separate document." Guam R. Civ. P. 58(a)(1). If a judgment is not set forth on a separate document, the judgment becomes final after 150 days from its entry on the docket. Guam R. Civ. P. 58(b)(2)(B); *see also* Guam R. App. P. 4(a)(7)(B)(ii). The trial court did not set forth the judgment in a separate document, and thus the judgment was effectively entered 150 days after entry of the Decision and Order on the docket. *See* RA, tab 75 (Notice of Entry on Docket, Sept. 4, 2019). Castro's early filing of the Notice of Appeal on October 2, 2019, is treated as filed on the day that is 150 days after the September 4, 2019, entry of the judgment on the docket. *See* Guam R. App. P. 4(a)(2); *Guam Dep't of Educ. v. Civil Serv. Comm'n (Somerfleck)*, 2019 Guam 21 ¶¶ 4-5.

### III. STANDARD OF REVIEW

**[8]**	Our inquiry "mirrors the review which should be conducted by the trial court." *Fagan v. Dell'Isola*, 2006 Guam 11 ¶ 12. "We examine whether the trial court properly determined that the CSC's decision was in accordance with the law and supported by substantial evidence." *Guam Waterworks Auth. v. Civil Serv. Comm'n (Mesngon)*, 2014 Guam 35 ¶ 5. "In so doing, we will review all conclusions of law *de novo*, and will hold unlawful and set aside any agency action, findings and conclusions found to be irrational, or otherwise not in accordance with law or unsupported by substantial evidence in a case." *Id.* (quoting *Fagan*, 2006 Guam 11 ¶ 13). "[S]ubstantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Fagan*, 2006 Guam 11 ¶ 12 (alteration in original) (quoting *Bondoc v. Worker's Comp. Comm'n*, 2000 Guam 6 ¶ 6).

**[9]**	We review *de novo* the trial court's legal conclusions on whether an administrative hearing violated due process rights. *See Sule v. Guam Bd. of Dental Exam'rs*, 2008 Guam 20 ¶ 11.

## IV.  ANALYSIS

### A.  The Trial Court's FFCL Should Have Limited Its Remand for the CSC to Verify the Available Position for Castro's "Severest Demotion"

[10]    The trial court correctly found the CSC retains the discretion to modify an adverse action, even where an agency has met its burden of proving the charges against an employee.  *See* RA, tab 51 at 6 (Finds. Fact & Concl. L.).  However, the trial court erred when it granted the Port's petition for judicial review without limitation.  Instead, the trial court should have granted the petition only in part, remanding to the CSC for the limited purpose of correcting the appropriate position for Castro's "severest demotion."  Given that initial oversight, the CSC's decision on remand to terminate, and the trial court's subsequent order affirming the termination, also were in error.

[11]    After a series of hearings, the CSC issued a decision and judgment finding the Port successfully proved its adverse action case against Castro.[5]  The CSC nonetheless exercised its discretion to modify the Port's adverse action by relying on its internal rule:

> If Management proves the charges, but the CSC finds, that because of the Employee's past record or the gravity of the offense, or the facts and circumstances of the case, that the adverse action should be modified, it may modify the adverse action accordingly.  The reasons for such modification shall be stated in the decision of the CSC. . . .  The CSC may not modify an adverse action to the Employee's detriment. . . .

---

[5] The CSC concluded in its decision and judgment that the Port proved both alleged incidents "by clear and convincing evidence."  CSC Dec. & J. at 5 (Mar. 29, 2016).  The Guam Code requires successful appeals to the CSC to instead satisfy a lower standard of proof: "In cases involving charges which could be a crime if the person was charged in a criminal action, the Commission shall determine the matter based upon substantial evidence that the employee committed the acts charged."  4 GCA § 4407(c) (2005).  We do not consider this as prejudicial error.  *See, e.g.*, *F.J. Hanshaw Enters. v. Emerald River Dev.*, 244 F.3d 1128, 1143 n.11 (9th Cir. 2001) ("Because the district court here made its finding by clear and convincing evidence, we need not decide whether a lower standard of proof, i.e., a preponderance of the evidence, would be sufficient."); *Domingue v. Jantran, Inc.*, No. 4:18-CV-199-DMB-JMV, 2020 WL 5632964, at *1 (N.D. Miss. Sept. 21, 2020) ("Because the Court finds below that the clear and convincing standard has been satisfied, it need not decide whether a lower standard should or would apply."); *In re Bannerman Holdings, LLC*, No. 10-01053-SWH, 2010 WL 4260003, at *5-6 (Bankr. E.D.N.C. Oct. 20, 2010) (determining that because "even the higher 'clear and convincing' standard [of proof was] satisfied," the court need not consider whether lower standard of proof was satisfied).

Civil Serv. Comm'n R. Proc. 11.7.3. We have recognized this rule as "convey[ing] the CSC with broad powers to modify." *Guam Mem'l Hosp. Auth. v. Civil Serv. Comm'n (Chaco)*, 2015 Guam 18 ¶ 34.

[12]     The CSC examined the factors under Rule 11.7.3 before it modified Castro's termination to a "severest demotion." *See* CSC Dec. & J. (Mar. 29, 2016). That modification was not detrimental to Castro, per Rule 11.7.3., as the demotion was more favorable than outright termination. The trial court thus correctly found the CSC was within its authority when it modified the adverse action against Castro. *See* RA, tab 51 at 5 (Finds. Fact & Concl. L.).

[13]     The trial court, however, erred in finding that Castro's "severest demotion" was not supported by substantial evidence merely because the CSC mistook the position that would be available to Castro at the Port. Instead, the trial court should have found the CSC's decision to modify was supported by the administrative record—and the court instead should have remanded the case for the limited purpose of correcting the specific position that demotion should entail.

[14]     We have clarified that, when considering the CSC's decision to modify, a court must "review the administrative record as a whole, weighing both the evidence that supports the agency's determination as well as the evidence that detracts from it." *Chaco*, 2015 Guam 18 ¶ 16. The substantial evidence standard is "extremely deferential"—accordingly, the court should not do its own weighing of the evidence, nor should it substitute its factual determinations for the agency. *Id.* (citation omitted); *see also Sule*, 2008 Guam 20 ¶ 26. Under the standard, the court "must uphold the agency's findings 'unless the evidence presented would *compel* a reasonable factfinder to reach a contrary result.'" *Chaco*, 2015 Guam 18 ¶ 16 (quoting *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895, *amended by* 339 F.3d 1012 (9th Cir. 2003)).

**[15]**    The trial court erred when it considered the CSC's modification as lacking substantial evidence only because the CSC mistook the specific position to which Castro would be demoted.[6] Looking at the administrative record, it is instead apparent that the CSC's intent was to demote Castro to the "severest" position available. *See* CSC Dec. & J. at 5 (Mar. 29, 2016). Additionally, the record also reveals the CSC reached that judgment after conducting a hearing on the merits, over twelve days, *id.* at 1—like in *Chaco*, where we upheld the CSC's modification of an adverse action after a substantive hearing. In the present case, the CSC's hearing considered, among other evidence, the testimonies of Castro and several Port officers; the Port's policies on insubordination; the incident report; and Castro's employee record.[7] We disagree that the CSC's incomplete knowledge about the Port's staffing pattern undermined its factual finding that Castro should be demoted to the "severest" position available.

**[16]**    Since the court otherwise agreed with the CSC's analysis and found error only because the CSC mistook the existence of the 'Guard' position, the court should have remanded the case with the expressed limitation that the CSC should correct its mistake on the "severest" position available to Castro at the Port. "A court may, of course, 'allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.'" *Conservation Council for Haw. v. Nat'l Marine Fisheries Serv.*, 97 F. Supp. 3d 1210, 1231-32 (D. Haw. 2015) (quoting *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, Nos. 2:13-cv-00059-MCE, 2:13-cv-00042-MCE, 2013 WL 4094777, at

---

[6] *See* RA, tab 51 at 7 (Finds. Fact & Concl. L.) ("The Court cannot uphold the Commission's decision and place Castro in the most severe demotion of "guard" when (1) the position does not exist at all at the Port and (2) the 'most severe' demotion would be to that of a security guard (armed).").

[7] For example, one commissioner observed: "The appellant's early employment at the Port was impressive. It shows [sic] seldom takes annual or sick leave. He performed assignments without superiors. He performed assignments without detailed instructions from his superiors. He was awarded several recognition and appreciation letters from his supervisors, general manager, and even from a governor." RA, tab 30 at 1134 (CSC Tr. Bd. Deliberation, Aug. 18, 2015).

*9 (E.D. Cal. Aug. 13, 2013)); *accord FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015). That type of limited remand is not beyond the province of our trial courts.[8] Further, courts also routinely issue limited remands for judicial economy. *See, e.g.*, *Super X Drugs Corp. v. Fed. Deposit Ins. Corp.*, 862 F.2d 1252, 1256 (6th Cir. 1988) ("To conserve judicial time and resources, instead of making the usual remand, we effect only a limited remand for clarification or explanation of this district court finding, amplification of the record, and/or any conclusion reached as a consequence of this clarification, explanation or amplification.").

[17]    The court thus erred in its FFCL that the CSC's modification lacked substantial evidence only because the CSC mistook the specific position to which Castro would be demoted. The CSC's decision to sustain termination upon remand was predicated on that error—and so was the trial court's subsequent decision and order denying Castro's renewed motion to review the CSC's decision to sustain his termination on remand. *See* RA, tab 74 (Dec. & Order, Sept. 3, 2019).

**B. Castro's Due Process Arguments Have No Basis**

[18]    Castro also argues that the CSC acted inconsistently with due process when it deprived him of his demotion. Appellant's Br. at 17-18 (Dec. 2, 2019). We reject this argument.

[19]    Castro fails to articulate the basis for this due process allegation. He draws our attention to the U.S. Supreme Court's plurality decision in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982), which he describes "stand[ing] for the proposition that the state cannot by its own hands

---

[8] As another state high court has explained:

> Remands may encompass a variety of proceedings: remand for a new trial, in whole or in part, remand for a ministerial act such as entry of judgment, remand for opinion or explanation, remand for an evidentiary hearing, remand to apply the ruling of the appellate court to settled facts, *etc.* Many remand proceedings may include submission of additional evidence, or resolution of disputed factual positions, a variety of iterations that would fall short of a full-blown trial. Thus, remands may encompass purely factual disputes, purely legal questions, mixed questions, or some measure of all questions.

*Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Fam. Mkts., Inc.*, 52 A.3d 1233, 1247 (Pa. 2012).

deprive an employee of a right provided." *Id.* at 17. Castro misapprehends that case and misses the correct test.

[20]     "To obtain relief on a claim of violation of the procedural due process guarantee, a claimant must establish: (1) he has a liberty or property interest protected by the Constitution; (2) he has been deprived of that interest by the government or government actor; and (3) the government or government actor has granted him inadequate process in effecting the deprivation." *Crawford v. Antonio B. Won Pat Int'l Airport Auth.*, Civil Case No. 15-00001, 2017 WL 3736645, at \*5 (D. Guam Aug. 30, 2017), *aff'd in part, appeal dismissed in part*, 917 F.3d 1081 (9th Cir. 2019). Of those factors, "[t]he protected interest requirement has been called a 'threshold requirement,' in part because no deprivation can be said to have occurred if the claimant had no protected interest from the outset, and thus no process is necessary." *Id.* (citing *Wedges/Ledges of Cal., Inc. v. City of Phx., Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994)). Castro does not specify a protected interest which either this or any other court has recognized,[9] and so his first due process argument fails that threshold requirement.

[21]     Finally, Castro argues the CSC offended his procedural rights to due process when it convened a hearing with only the Port's counsel and no management present, or by basing its decision only on written testimony. These arguments, however, are moot, since we are vacating the CSC's decision to sustain Castro's termination and the trial court's subsequent order upholding that CSC decision.

---

[9] "[T]he Supreme Court [has] explained that government employees can have a protected property interest in their continued employment *if* they have a legitimate claim to tenure or if the terms of the employment make it clear that the employee can be fired only for cause." *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 922 (9th Cir. 2013) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576-578 (1972); *Perry v. Sindermann*, 408 U.S. 593, 599-603 (1972)). Castro does not explain how he might have a protected property interest under that test from *Blantz.*

## V.  CONCLUSION

**[22]**     We **VACATE** the trial court's April 13, 2018 Findings of Fact and Conclusions of Law and its September 3, 2019 decision and order denying Castro's renewed motion and upholding the CSC decision.  We **REMAND** for further proceedings not inconsistent with this opinion.

| | |
|---|---|
| /s/ | /s/ |
| ROBERT J. TORRES | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |

/s/
F. PHILIP CARBULLIDO
Chief Justice